IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-160-FL

| | |
|---|---|
| GORDON GRAVELLE o/a CodePro Manufacturing, ) ) ) Plaintiff, ) ) v. ) ) KABA ILCO CORP. and CHUCK ) MURRAY, ) ) Defendants. | ORDER |

This matter is before the court on various motions. Pending now is a motion to vacate arbitration award and to stay, filed by plaintiff, together with a motion to confirm the award, filed by defendants. Plaintiff has collapsed onto his opposition to the motion to confirm a motion seeking the court to dispose simultaneously his motion and defendants' contrary one. Lodged in a notice filed by plaintiff, are several more motions. He seek to withdraw the one filed earlier, requesting a stay, in light of issuance of a Final Award, and he requests leave to supplement his pending motion to vacate, which request has sounded in several filings. For example, the court notes in his reply, plaintiff reiterated request for leave to supplement. And finally, there is a motion by plaintiff urging the court to address the motions and, if his request to supplement is allowed, set a briefing schedule. Plaintiff's request to withdraw motion to stay is allowed and that motion shall be terminated now as moot. For reasons noted, plaintiff is allowed to supplement his pending motion to vacate, and a briefing schedule is herein established. The court will take up and decide remaining motion to vacate and that one in response, seeking the court to confirm the award, pending further briefing.

## STATEMENT OF THE CASE

This civil action was filed under Section 10 of the Federal Arbitration Act on March 1, 2012, by a *pro se* plaintiff who resides in Canada. Plaintiff did not initiate the action with the filing of a complaint. Instead, he filed a motion to vacate arbitration award, together with a motion to stay proceedings pending full disposition of arbitration hearing. (DE 1). Plaintiff states that the American Arbitration Association issued a final partial award on December 4, 2012. Plaintiff argues that the arbitrator "exceeded and/or imperfectly executed his powers such that a mutual, final, and definite award about the subject matter was not made; and/or because the arbitrator acted with a manifest disregard for the law; and/or because the award clearly violates public policy; and/or because there was no valid and enforceable agreement to properly invoke the arbitration process; and/or the arbitration unjustly refused to hear evidence, and acted in such a way as to prejudice the claimant." Pl.'s Mot. to Vacate 1.

The dispute arises over a written commercial agreement plaintiff entered into with defendants April 21, 2008, which contains an arbitration agreement. The parties later executed a stipulation which contains the enforcement of an arbitration agreement. Plaintiff alleges that the documents are not valid and enforceable. Plaintiff states the motion was brought out of an abundance of caution to preserve the three-month filing provision to set aside the arbitration award where arbitration remained open when this case was initiated.

On March 29, 2013, defendants filed a cross-motion to confirm the arbitration award. (DE 10). Plaintiff responded April 24, 2013, in opposition, together with motion seeking to unify or consolidate decision on his motion and defendants' counter motion, or motion to confirm arbitration award. (DE 13).

In mid June each side noticed the court that on May 29, 2013, the arbitrator issued his final arbitration award in this matter. In that notice filed by defendants June 13, 2013, defendants present that:

> The Final Award expressly incorporates the Arbitrator's Partial Final Award of December 2012, which is the subject of Petitioner's pending Motion to Vacate and Respondent's pending Motion to Confirm. Additionally, the Final Award (1) reflects Petitioner's withdrawal of his sole remaining claim in the arbitration proceeding, (2) holds that the administrative fees and expenses of the ICDR as well as the compensation and expenses of the Arbitrator shall be borne one-half by Petitioner and one-half by Respondents, and (3) constitutes a 'full settlement of all claims submitted in th[e] Arbitration. As such, the Final Award does not impact the substance of the Partial Final Award.

Defs.' Notice of Issuance of Final Arbitration Award 1.

Plaintiff's notice filed the following day, on June 14, 2013, requests to withdraw his motion to stay, and seeks leave to supplement his motion to vacate filed March 1, 2013. (DE 16). On July 29, 2103, plaintiff filed a motion for clarification and for expedited relief. (DE 29). Therein he seeks the court now to impose a fixed briefing schedule, in avoidance of confusion and piecemeal responsive briefs.

## COURT'S DISCUSSION

In the initial motion, plaintiff moved for a stay of further proceedings in this court until the completion of arbitration, and that he be allowed to file complete briefing upon the close of arbitration. Defendants opposed, filing a motion to confirm. Defendants consistently have opposed allowing plaintiff to supplement his motion. Plaintiff now moves to withdraw his request for stay, which motion is allowed. *De facto* stay in effect followed the making of that request, as a short time after the initial motions ripened the Final Award issued.

3

Where plaintiff never intended what was filed as his motion to vacate to be his full and complete motion, instead regularly signaling that he meant to file something further, in its discretion, the court reopens the period for briefing on the schedule set forth in addendum hereto. The court notes the motion to vacate was not intended to state plaintiff's complete position, as arbitration was ongoing at the time the motion was filed. Plaintiff filed it as a placeholder to prevent the 90-day time period to file such a motion from expiring, where a partial award had been given. Plaintiff's reasonable requests for consolidated consideration and a unified briefing schedule advance the purpose of Rule 1 of the Federal Rules of Civil Procedure, and, as such, also are allowed.

## CONCLUSION

For reasons stated, the court HOLDS IN ABEYANCE decision on plaintiff's motion to vacate arbitration award and terminates as moot the companion motion to stay (DE 1). The court HOLDS IN ABEYANCE defendant's motion to confirm the award (DE 10). Plaintiff's motion seeking the court simultaneously to address his motion and defendants' contrary one (DE 13) is ALLOWED. Plaintiff's repeated request to supplement his pending motion to vacate is ALLOWED (DE 1, 12, 16). Plaintiff's request that this court set a briefing schedule also is ALLOWED. (DE 19). The court will take up and decide remaining motion to vacate and that one in response, seeking the court to confirm the award, pending further briefing on the schedule set forth in addendum hereto.

SO ORDERED, this the 31st day of July, 2013.

*[signature]*

LOUISE W. FLANAGAN
United States District Court Judge

## ADDENDUM - BRIEFING SCHEDULE

Pursuant to it's order, <u>supra</u> the court hereby establishes the following schedule for further briefing on plaintiff's motion to vacate:

- Plaintiff shall file his complete memorandum in support of his motion to vacate by August 14, 2013.

- Responses from defendant shall be due no later than 14 days after the filing of plaintiff's memorandum.

- Reply, if any, shall be due no later than 7 days from the filing of defendants responses.

Any party wishing to submit further filings may do so only with leave of the court.